STATE of Missouri, Respondent,

v.

George Edward MYERS, Appellant.

No. 63994.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 22, 1994.

Douglas L. Levine, Ferguson, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., F. Martin Dajani, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for fraudulently attempting to obtain a controlled substance, demerol, in violation of § 195.204, RSMo Supp.1993. The trial court sentenced Defendant as a prior and persistent offender to eight years' imprisonment in the Missouri Department of Corrections. We affirm.

Defendant disputes the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence adduced at trial is as follows: On February 14, 1992, Defendant entered the Wal–Mart store in Desloge, Missouri. While Defendant was in the pharmacy, a prescription for demerol was presented to the pharmacy technician to be filled. The prescription was made out to "Jack Jones." When asked for information about Jack Jones, Defendant provided the pharmacy technician with his address and birth date. Defendant continued to remain in the pharmacy area. For a period of time, Defendant was the only person waiting in the pharmacy. When the clerk asked him if he needed help or had a prescription, Defendant indicated he was waiting for a prescription to be filled.

When the pharmacist, James Allen, obtained the prescription, he began to fill it. However, as Allen examined the prescription more closely, he became suspicious Dr. Kim's signature was a forgery. Because the prescription was for a Schedule II controlled substance, he decided to check on the validation of the prescription with Dr. Kim. While waiting for a response from Dr. Kim, the clerk approached Allen to find out the problem. Allen told her he had to call Dr. Kim's office to verify the prescription. At this time, Defendant was the only one waiting in the pharmacy area. The clerk returned and spoke with Defendant.

Allen subsequently learned the prescription had not been written by Dr. Kim and was a forgery. Allen told Defendant he could not fill the prescription. Defendant stated he had to talk to someone else and left. Defendant did not return.

Both Allen and the clerk picked Defendant's photograph out of an array as the man who had been in the pharmacy that day. Defendant was subsequently charged with fraudulently attempting to obtain a controlled substance and a jury convicted him.

Defendant's sole point on appeal challenges the sufficiency of the evidence to convict him. Defendant contends the trial court should have granted his motion for judgment of acquittal because "there were insufficient facts and insufficient inferences from those facts adduced to sustain a conviction...."

■ "In addressing a challenge to the sufficiency of evidence at trial, an appellate court must view the evidence favoring the prevailing party and all reasonable inferences drawn from it as true and ignore all contrary evidence and inferences." *State v. Davis*, 797 S.W.2d 560, 563[1] (Mo.App.1990). Appellate review is limited to determining whether sufficient evidence exists from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *State v. Grim*, 854 S.W.2d 403, 405[1] (Mo. banc 1993). In addition, our Supreme Court has rejected the circumstantial evidence rule, holding:

If a jury is convinced beyond a reasonable doubt, so long as the evidence meets the minimal appellate standard required by due process, we need not disturb the result simply because the case depended wholly, mostly, or partially upon circumstantial proof.

*Id.* at 406[2].

Section 195.204.1 states:

A person commits the offense of fraudulently attempting to obtain a controlled substance if he obtains or attempts to obtain a controlled substance ... by fraud, deceit, misrepresentation, or subterfuge; or by the forgery or alteration of a prescription or of any written order; or by the concealment of a material fact; or by the use of a false name or the giving of false address.

■ Sufficient evidence existed to convict Defendant. *See, State v. Cox*, 837 S.W.2d 532, 534 (Mo.App.1992). Defendant admitted

the prescription was a forgery, made by his former girlfriend. Although no witness could definitively state Defendant was the person who actually submitted the forged prescription, the jury could have reasonably inferred Defendant's guilt. Defendant waited in the pharmacy area alone. When asked if he needed help, Defendant indicated he was waiting for a prescription. He signed a generic substitution form used to fill the prescription, stating he was getting it filled for a friend. In signing it, he used a false name. When questioned about the prescription, Defendant provided the address and birthdate of "Jack Jones." The address given, 201 Low Street, is nonexistent.

Defendant contends this evidence is insufficient when compared with the admission of his former girlfriend that she forged the prescription and took it to the pharmacy. However, the jury could have properly discounted this "admission" and on review, we ignore all evidence contrary to the verdict. *Davis*, 797 S.W.2d at 563[1]. Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.